IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT ANDREW MULLINS, <br><br> Plaintiff, <br><br> v. <br><br> INOVAR, INC., DOES 1-6 <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER TO AMEND DEFICIENT COMPLAINT** <br><br> Case No. 4:20-cv-00109-DN <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Plaintiff, an inmate at the Washington County Jail, filed this case as *pro se* qui tam action under the False Claims Act (the "Act").[1] Plaintiff was allowed to proceed *in forma pauperis*.[2] Plaintiff's complaint[3] is deficient because it requests relief that is not available in a qui tam action under the Act. The relief requested in Plaintiff's complaint suggests a civil rights suit,[4] not a qui tam action under the Act. When preparing his civil rights complaint Plaintiff should refer to the *pro se* prisoner litigant guide that will be provided by the clerk of the court.

**Instructions to Plaintiff**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[5] The requirements of Rule 8(a) are

---

[1] *See* 31 U.S.C.S. § 3729 et seq (2009).

[2] *See* 28 *id.* 1915.

[3] Qui Tam Filed Under the False Claims Act, docket no. 5, filed Oct. 29, 2020.

[4] *See* 42 U.S.C.S. § 1983 (1996).

[5] Fed. R. Civ. P. 8(a).

intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[6]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. ""This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[7] Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[8] Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[9]

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.[10] Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[11] Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.[12] Fourth, if Plaintiff's claims relate to the conditions of Plaintiff's current confinement Plaintiff should seek assistance from the prison contract attorneys in preparing initial pleadings. And, finally, Plaintiff is warned

---

[6] *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[8] *Id.* at 1110.

[9] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[10] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[11] *See* Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[12] *See* Mitchell v. Maynard, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

IT IS HEREBY ORDERED that:

(1) Plaintiff shall have THIRTY (30) DAYS from the date of this order to cure the deficiencies noted above;

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Prisoner Litigant Guide; and

(3) If Plaintiff fails to timely cure the above deficiencies according to these instructions, this action will be dismissed without further notice.

Signed January 26, 2021.

BY THE COURT

David Nuffer
United States District Judge

United States District Court
for the
District of Utah
January 26, 2021

\*\*\*\*\*\*MAILING CERTIFICATE OF THE CLERK\*\*\*\*\*\*

RE: \*\*SEALED\*\*
4:20cv109 DN

Robert Andrew Mullins
369168
WASHINGTON COUNTY JAIL
750 S 5300 W
HURRICANE, UT 84737

John K. Mangum
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111-2176

_____

Aimee Trujillo