THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ROBERT ANDREW MULLINS,<br><br>              Plaintiff,<br><br>v.<br><br>INOVAR, INC. et al.,<br><br>              Defendants. | **MEMORANDUM DECISION &**<br>**DISMISSAL ORDER**<br><br>District Judge David Nuffer<br><br>Case No. 4:20-CV-109 DN |

Plaintiff, Robert Andrew Mullins, brings this *pro se* civil case, *in forma pauperis*, *see* 28

28 U.S.C.S. § 1915 (2021).

He initially filed a *qui tam* action here. (ECF No. 5.) After being ordered to amend that

deficient complaint, (ECF No. 18), Plaintiff filed an amended complaint under 42 U.S.C.S.

§ 1983 (2021), (ECF No. 29). He then proposed two other amended complaints that were not

formally filed: one version under § 1983, (ECF No. 33), and another version seeking to revert to

a *qui tam* action, (ECF No. 43-1).

Plaintiff most recently moved to amend his complaint with a version titled, "Amended

Complaint Federal Question." (ECF No. 49-1.) The proposed amended complaint states, "This is

an Amended Complaint and supersedes all others." (*Id.* at 1.) The Court grants the motion to

amend and directs the amendment be filed as "Second Amended Complaint" (SAC).

SAC names these defendants: Federal Bureau of Investigation (FBI), Immigration and

Customs Enforcement (ICE), and federal agent Bob Stokes. (*Id.*) SAC asserts Defendant Stokes

was involved in obtaining "child pornography images" from an Inovar employee "account

labeled 'Bob Mullins,'" which resulted in Plaintiff being criminally charged with ten "counts of

sexual exploitation of a minor." (ECF No. 49-1, at 2-3.) To support these charges, Plaintiff

alleges that--around June 11, 2008 to December 2009--Defendant Stokes conspired with Inovar's

information technology (IT) manager to put the images in Plaintiff's work account, then

"discover" them, to use them as evidence against Plaintiff. (*Id.*) Plaintiff says Defendants injured

him as follows: "I ended up signing a plea agreement on the said charges, and have been

incarcerated for more than 10 years currently, still serving time in the Utah State Prison." (*Id.* at

5.)

Plaintiff sets forth his claims as allegations that his "constitutional rights were violated,"

(ECF No. 49-1, at 3): (1) "Conspiracy to Create a Crime to Cover Up a Crime." (*Id.* at 4.) He

details this as Defendant Stokes, "acting under the color of his [federal] office," providing

software to Inovar's IT manager to place child pornography on an "account labeled 'Bob

Mullins," then having the IT office "discover" it there to ensnare Plaintiff in a crime. (*Id.* at 2, 4.)

And, (2) "Duplicity to Commit a Crime, Assisting in and Filing Charging Documents on

Fabricated Evidence," which he describes as Defendant Stokes giving the pornographic images

to Cache County (CC) attorney Spencer Walsh and conspiring with him "in filing criminal

charges against" Plaintiff. (*Id.* at 4-5.) Plaintiff appears to be accusing Defendant Stokes of

conspiracy--first with Inovar's IT office, then with CC attorney Walsh--to falsely charge and

imprison Plaintiff. These claims presumably involve allegations of conspiracy to deprive

Plaintiff of his liberty, violating the Due Process Clause.

To summarize, Plaintiff requests the following relief: "cleans[ing] . . . all unlawful and all

fabricated evidence" from this case; Defendant Stokes' "admission of these acts" against

Plaintiff; and money damages. (*Id.* at 6-8.)

Given Plaintiff's assertion that federal Defendants violated his constitutional rights, the Court construes SAC as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In a *Bivens* action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 389; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (stating *Bivens* actions are "federal analog" to § 1983 actions).

Having now screened SAC, (ECF No. 49-1), under its statutory review function,[1] the Court dismisses SAC for failure to state a claim upon which relief may be granted.

## ANALYSIS

### I. Standard for Sufficiency of a Complaint

When deciding whether a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is

---

[1]The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2021).

entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if the pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### II. An Affirmative Link Between Defendants and Claims is Not Present.

The complaint must clearly state what each individual defendant did to violate Plaintiff's

civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal

participation of each defendant is essential allegation). "To state a claim, a complaint must 'make

clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op.

at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name a defendant solely

based on supervisory status. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)

(stating "defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation").

Considering these guidelines, the Court concludes that Plaintiff has done nothing to

affirmatively link Defendants FBI and ICE to his claims. He merely refers to them as possible

employers for Defendant Stokes and perhaps implies they are therefore somehow responsible for

Defendant Stokes's allegedly unconstitutional behavior. (ECF No. 49-1, at 2.) However, as noted

above, supervisory status does not support liability. To be clear, Plaintiff has not tied any

material facts to the FBI or ICE. Plaintiff's claims against these defendants may not survive this

omission. The Court thus dismisses these defendants.

### III. Any *Bivens* Claim is Barred by the Four-Year Limitations Period.

But even if Plaintiff has alleged any cognizable claims against any of the defendants, they

would be barred by the four-year statute of limitations found in Utah Code section 78B-2-307(3)

(2021). *Bivens* actions are governed by the statute of limitations generally applicable to personal-

injury actions in the state where the claims arose. *Indus. Constructors Corp. v. U. S. Bureau of*

*Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Because Plaintiff's action arose in Utah, the

four-year statute of limitations for personal injury in § 78B-2-307(3) applies to bar any *Bivens*

cause of action. *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004).

Meanwhile, the issue of when a federal cause of action accrues is controlled by federal

law. *Indus. Constructors Corp.*, 15 F.3d at 968-69. "The statute of limitations begins to run when

the plaintiff knows or has reason to know of the existence and cause of the injury which is the

basis of his action." *Id.* at 969 (citing *United States v. Kubrick*, 444 U.S. 111, 121 (1979)). A

plaintiff has "reason to know" of his injury when he should have discovered the existence and

cause of his injury through the exercise of reasonable diligence. *Id.* (citing *Ohio v. Peterson,

Lowry, Rall, Barber & Ross*, 651 F.2d 687, 692 (10th Cir. 1981)). "A plaintiff need not know the

full extent of his injuries before the statute of limitations begins to run." *Id.* Plaintiff's claims as

to Defendant Stokes's actions--around June 11, 2008 to December 2009--clearly accrued long

before the four years immediately preceding this action's filing in 2020. Thus, any *Bivens* claim

is barred for that reason also.

### IV. Alternatively, Plaintiff Fails to Adequately Allege Conspiracy.

Another basis upon which to dismiss Defendant Stokes is Plaintiff's failure to adequately

allege conspiracy. "A conspiracy requires the combination of two or more persons acting in

concert." *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir.2004) (internal quotation marks,

alterations, and citations omitted). "[T]o plead a conspiracy claim, a plaintiff must allege, either

by direct or circumstantial evidence, a meeting of the minds or agreement among the

defendants." *Id.* (internal quotation marks, alterations, and citations omitted); *see also Hunt v.

Bennett*, 17 F.3d 1263, 1266 (10th Cir.1994) (stating valid conspiracy claim requires specific

factual allegations "showing agreement and concerted action"). Allegations of parallel conduct,

together with conclusory allegations of an agreement, do not state an arguable conspiracy claim. *See Shimomura v. Carlson*, 17 F.Supp.2d 1120, 1130 (D. Colo. 2014).

Plaintiff's allegations of a conspiracy between Defendant Stokes and the Inovar IT manager and CC attorney are conclusory and, therefore, fail to state an arguable claim for relief under *Bivens*. Plaintiff only speculates that Defendant Stokes, IT, and CC attorney conspired to set him up for a criminal conviction.

### V. Also Alternatively, Plaintiff's Claims for Damages are Blocked by *Heck.*

The Supreme Court said in *Heck* "that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see Crow v. Penry*, 102 F.3d 1086, 1087 (1996) (per curiam) (stating "*Heck* applies to *Bivens* actions"). *Heck* keeps litigants "from using a § 1983 [or *Bivens*] action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendant violated his constitutional rights during state criminal proceedings. These arguments attack Plaintiff's underlying conviction. *Heck* requires that, when a plaintiff requests damages in a *Bivens* suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional rights were violated in

the prejudicial manner alleged by Plaintiff--that a federal agent conspired to plant evidence and use it to gain Plaintiff's conviction--the Court would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Instead, the opposite has happened; Plaintiff concedes that he "ended up signing a plea agreement on the said charges, and ha[s] been incarcerated for more than 10 years currently, still serving time in the Utah State Prison." (ECF No. 49-1, at 5.) The Court thus must dismiss Plaintiff's claims for money damages.

### VI. Some of Plaintiff's Requested Remedies are Habeas Oriented.

Plaintiff's requests--to have "all unlawful and all fabricated evidence" "cleanse[d]" from his state criminal case; the state court "produce an innocence statement"; and Defendant Stokes' "produce an admission of these acts" against Plaintiff--are the kinds of requests that could be granted only based upon a valid habeas-corpus petition asking that Plaintiff's criminal conviction be overturned. *See* 28 U.S.C.S. § 2254 (2021). Such requests are inappropriate in this *Bivens* action.

### ORDER

**IT IS ORDERED** that:

(1) Plaintiff's motion to amend his complaint is **GRANTED**. (ECF No. 49.) The Clerk of Court shall file the proposed amended complaint, (ECF No. 49-1), as Second Amended Complaint.

(2) Plaintiff's Second Amended Complaint, (ECF No. 49-1), is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2021), for failure to state a claim upon which relief may be granted. Five iterations of the complaint, (ECF Nos. 5, 29, 33, 43-1, 49-1), and the

8

Court's guidance on curing deficiencies, (ECF No. 18), have not resulted in improved validity of the pleading. Neither liberal interpretation of Plaintiff's claims nor further opportunity to amend would lead to a different result.

(3) Plaintiff's motion to unseal this action is **GRANTED**. (ECF No. 36.)

(4) All other pending motions are **DENIED** as moot. (ECF Nos. 26, 27, 30, 31, 35, 42, 43, 45, 50, 51.)

Dated January 25, 2022.

BY THE COURT:

David Nuffer
United States District Judge